THE GILLAM LAW FIRM
*A Professional Law Corporation*
CAROL GILLAM (SBN 102354)
SARA HEUM (SBN 288136)
11620 Wilshire Boulevard, Suite 900
Los Angeles, California 90025
Telephone: (310) 203-9977/ Facsimile:  (310) 203-9922
carol@gillamlaw.com
sara@gillamlaw.com
Attorneys for Plaintiff Tiffany Jones

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TIFFANY JONES, an individual,<br><br>             Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, an entity, and DOES 1 through 25, inclusive,<br><br>             Defendant. | Case No. 2:15-cv-06580-PSG-AFM<br>[*Assigned to Hon. Judge Philip S. Gutierrez, Courtroom 880*]<br><br>**PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT**<br><br>MSJ Hearing Date: August 22, 2016<br>Trial Date: September 6, 2016<br>Complaint Filed:  July 22, 2015<br>Removal Date:  August 27, 2015 |

TO THE COURT, Defendant, AND COUNSEL OF RECORD:

Plaintiff TIFFANY JONES ("Plaintiff" or "Jones") hereby submits the following proposed jury instructions disputed by Defendant.


Dated: August 19, 2016                    THE GILLAM LAW FIRM
                                          *A Professional Law Corporation*

                                          By:  *s/ Carol L. Gillam*
                                               Carol L. Gillam
                                               Sara Heum

                                          Attorneys for Plaintiff TIFFANY JONES

**Disparate Treatment under California Gov. Code —Essential Factual Elements (Gov. § 11135)**

Tiffany Jones claims that USC wrongfully discriminated against her in violation of California law. To establish this claim, Ms. Jones must prove all of the following:

1. That USC subjected Ms. Jones to an adverse action; and

2. That Ms. Jones's disability or gender or race (or a combination of those) was a substantial motivating reason for USC's adverse action against Ms. Jones.

---

Source: CACI 2500, adapted for non-employment case. Assumes no dispute that USC was covered by the statute, and that Plaintiff was a student. See Gov.Code § 11135. This instruction is for the first cause of action.

(Adverse action, disability defined in subsequent instructions)

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defense objects and proposes an instruction based on the federal Rehabilitation Act, as follows: (1) Jones belongs to a protected class; (2) Jones was performing according to legitimate expectations; (3) Jones suffered an adverse action; and (4) some other circumstance suggests a discriminatory motive (such as being treated less favorably than similarly situated individuals outside her protected class).

Defendant also asserts that the definitions of "disability" and "adverse action" be placed at the beginning of the jury instructions.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff disputes the second element above but otherwise would accept their version. In Plaintiff's opinion, defining terms used in instructions usually occurs after the instruction, not before it.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Disability Discrimination - Essential Factual Elements (Rehabilitation Act of 1973, 29 USC § 504)**

Tiffany Jones claims that USC wrongfully discriminated against her on the basis of her disability in violation of federal law. To establish this claim, Ms. Jones must prove all of the following:

1. That Tiffany Jones had a disability;
2. That Ms. Jones was a qualified individual as defined later in these instructions;
3. That Tiffany Jones's disability was a reason for USC's decision to [adverse action].

If you find that Ms. Jones has proved all of these elements, your verdict should be for her. If, on the other hand, Ms. Jones has failed to prove any of these elements, your verdict should be for USC.

---

Source: Ninth Circuit Manual, Civil Jury Instructions, 12.1, adapted for non-employment case. Assumes no dispute that USC was covered by the statute, and that Plaintiff was a student. See Rehabilitation Act § 504. This is for second cause of action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant objects that the instruction should contain the following elements of proof: (1) Jones belongs to a protected class; (2) Jones was performing according to legitimate expectations; (3) Jones suffered an adverse action; and (4) some other circumstance suggests a discriminatory motive (such as being treated less favorably than similarly situated individuals outside her protected class).

Defendant also asserts that the definitions of "disability" and "prove" should be placed at the beginning of the jury instructions.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff disputes the second element above but otherwise would accept their version. In Plaintiff's opinion, defining terms used in instructions usually occurs after the instruction, not before it.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Discrimination in Violation of the Civil Rights Act of 1964, Title VI**
**(42 USC § 2000d *et seq*.) – Essential Elements**

Tiffany Jones claims that USC wrongfully discriminated against her in violation of the federal Civil Rights Act. To establish this claim, Ms. Jones must prove all of the following:

1. That USC subjected her to an adverse action; and
2. That Ms. Jones's disability or gender or race (or a combination of those) was a motivating factor for USC's adverse action against Ms. Jones.

---

Source: Ninth Circuit Manual, Civil Jury Instructions, 10.1A, adapted for non-employment case. Assumes no dispute that USC was covered by the statute, and that Plaintiff was a student. See 42 USC § 2000d. This is for the third cause of action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant asserts that the proper instructions should contain these elements: (1) that Jones is a member of a racial minority; (2) USC's intent to discriminate against her on the basis of that racial category; and (3) discrimination concerning one of the statute's enumerated activities, which includes "full and equal benefits of all laws and proceedings. . .

Defendant also asserts that definitions for adverse action and disability should be in the instruction or at the beginning of the instructions.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff disputes restricting it to race only. In Plaintiff's opinion, defining terms used in instructions usually occurs after the instruction, not before it.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Retaliation in Violation of the Civil Rights Act of 1964, Title VI**
**(42 USC § 2000d *et seq*.)**

Tiffany Jones claims that USC retaliated against her in violation of the Civil Rights Act. To establish this claim, Ms. Jones must prove all of the following:

1. Ms. Jones engaged in or was engaging in an activity protected under federal law, that is [seeking a disability accommodation, or complaining about discrimination, or complaining about harassment]

2. USC subjected Ms. Jones to an adverse action, that is [adverse action]; and

3. Ms. Jones was subjected to the adverse action because of her participation in protected activity.

Ms. Jones does not have to prove discrimination or harassment in order to be protected from retaliation. If she reasonably believed that USC's conduct was unlawful, or if she requested a disability accommodation, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination or harassment, or a failure to accommodate a disability.

A plaintiff is "subjected to an adverse action" because of her participation in protected activity if the adverse action would not have occurred but for that participation. If you find that Ms. Jones has proved all three of these elements, your verdict should be for her. If, on the other hand, Ms. Jones has failed to prove any of these elements, your verdict should be for USC.

Sources:  Ninth Circuit Manual, Civil Jury Instructions, 10.3, adapted, and CACI 2505 (Amended 2016) for second paragraph, adapted for non-employment case. This is for fourth cause of action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant says that the instruction should specify the protected activity and the adverse action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff contends that those elements can be specified at a later time, or alternatively, that definitions will cover what they may be, as there are multiple protected activities and multiple adverse actions at issue here.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Retaliation in Violation of Rehabilitation Act of 1973, 29 USC § 504)**

Tiffany Jones claims that USC retaliated against her in violation of the Rehabilitation Act. To establish this claim, Ms. Jones must prove all of the following:

1. Ms. Jones engaged in or was engaging in an activity protected under federal law, that is seeking a disability accommodation, or complaining about disability discrimination, or complaining about disability harassment;

2. USC subjected Ms. Jones to an adverse action, that is [adverse action]; and

3. Ms. Jones was subjected to the adverse action because of her participation in protected activity.

Ms. Jones does not have to prove discrimination or harassment in order to be protected from retaliation. If she reasonably believed that USC's conduct was unlawful, or if she requested a disability accommodation, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination or harassment, or a failure to accommodate a disability and even if she was not actually disabled.

Sources:  Ninth Circuit Manual, Civil Jury Instructions, 10.3, adapted, and CACI 2505 (Amended 2016) for second paragraph, adapted for non-employment case. Changes language from employment setting. See 29 USC § 504. This is for fifth cause of action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant says that the instruction should specify the protected activity and the adverse action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff contends that those elements can be specified at a later time, or alternatively, that definitions will cover what they may be, as there are multiple protected activities and multiple adverse actions at issue here.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Sex Discrimination – Title IX – Education Amendments of 1972, 20 USC § 1681 *et seq.***

Tiffany Jones claims that USC wrongfully discriminated against her in violation of Title IX. To establish this claim, Ms. Jones must prove all of the following:

1.  That USC subjected her to an adverse action; and
2.  That Ms. Jones's gender was a motivating factor for USC's adverse action against Ms. Jones.

Source: Ninth Circuit Manual, Civil Jury Instructions, 10.1A, adapted for non-employment case. Assumes no dispute that USC was covered by the statute, and that Plaintiff was a student. See 20 USC § 1681 *et seq.* This is for the sixth cause of action.

---

16

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant objects that the instruction should contain the following elements of proof: (1) Jones belongs to a protected class; (2) Jones was performing according to legitimate expectations; (3) Jones suffered an adverse action; and (4) some other circumstance suggests a discriminatory motive (such as being treated less favorably than similarly situated individuals outside her protected class).

Defendant says that the instruction should specify the adverse action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff contends that this element can be specified at a later time, or alternatively, that definitions will cover what they may be, as there are multiple adverse actions at issue here.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Hostile Environment Harassment - California Gov. Code —Essential Factual Elements (Gov. § 11135)**

Tiffany Jones claims that she was subjected to harassment based on her disability, gender and/or race by USC, causing a hostile or abusive environment. To establish this claim, Ms. Jones must prove all of the following:

1. That Ms. Jones was subjected to unwanted harassing conduct because she was disabled, or because of her race or because she was a woman (or any combination of these);
2. That a reasonable disabled person, African-American person, or woman in Ms. Jones's circumstances would have considered the environment to be hostile or abusive;
3. That Ms. Jones considered the environment to be hostile or abusive; and
4. That USC failed to take immediate and appropriate corrective action.

Source: CACI 2521A, adapted for non-employment case. Assumes no dispute that USC was covered by the statute, and that Plaintiff was a student. See Gov.Code § 11135. This instruction is for the seventh cause of action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant claims the instruction does not identify all the elements, and recites language from a variety of cases that do not relate to the statute at issue here. Defendant also contends that "preponderance of the evidence" and "harassment" should be defined. Plaintiff asserts that "harassing conduct" and "severe or pervasive" are defined below, in instructions taken from CACI  2523 and 2524 respectively. See below. "Preponderance of the evidence" is in a separate instruction, the standard 9th Circuit instruction for same. See below.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Hostile Environment Harassment – Title IX —Essential Factual Elements (20 USC § 1681)**

Ms. Jones seeks damages against USC for a hostile environment based on gender while enrolled at USC. In order to establish a hostile environment, Ms. Jones must prove each of the following elements by a preponderance of the evidence:

1. Ms. Jones was subjected to slurs, insults, jokes or other verbal comments, or other verbal or physical conduct based on her being a woman;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of Ms. Jones's experience at USC and create an abusive or hostile environment;

4. Ms. Jones perceived the environment to be abusive or hostile; and

5. a reasonable woman in Ms. Jones's circumstances would consider the environment to be abusive or hostile.

Whether the environment constituted a hostile environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with a student's performance or student experience.

Source: Ninth Circuit Manual, Civil Jury Instructions, 10.2, adapted for a non-employment case; and CACI 2423 ("Harassing Conduct" Explained)

See 20 USC § 1681 *et seq.* This is for the eighth cause of action.

21

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant contends that this instruction should be combined with the previous one, and that "preponderance of the evidence' should be defined.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff asserts that the two statutes cover different protected statuses, and one is a state law claim and the other a federal claim, so cannot be combined. Preponderance is defined in a standard 9th Circuit instruction. See below.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Discrimination in Violation of § 1981**

**(42 USC § 1981) – Essential Elements**

Tiffany Jones claims that USC wrongfully discriminated against her in violation of Section 1981. To establish this claim, Ms. Jones must prove all of the following:

1.  That USC subjected her to an adverse action; and
2.  That Ms. Jones's race was a motivating factor for USC's adverse action against Ms. Jones.

Source: Ninth Circuit Manual, Civil Jury Instructions, 10.1A, adapted.

This is for the ninth cause of action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant contends this instruction is incomplete, and asserts that Plaintiff must prove (1) that she is a member of a racial minority, (2) USC's intent to discriminate on the basis of said racial category, and (3) discrimination concerning one of the statute's enumerated activities, which includes the "full and equal benefits of all laws and proceedings. . . "

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff is not aware that Defendant is disputing that Plaintiff is African-American.
Defendant inserts elements that are not required.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY
DEFENDANT

### Retaliation in Violation of § 1981, 42 USC § 1981

Tiffany Jones claims that USC retaliated against her in violation of Section 1981. To establish this claim, Ms. Jones must prove all of the following:

1. Ms. Jones, an African-American, engaged in or was engaging in an activity protected under federal law, that is, complaining about discrimination, or complaining about harassment;

2. USC subjected Ms. Jones to an adverse action, that is [adverse action]; and

3. Ms. Jones was subjected to the adverse action because of her participation in protected activity.

Ms. Jones does not have to prove discrimination or harassment in order to be protected from retaliation. If she reasonably believed that USC's conduct was unlawful, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination or harassment.

Sources:  Ninth Circuit Manual, Civil Jury Instructions, 10.3, adapted, and CACI 2505 (Amended 2016) for second paragraph. Changes language from employment setting. See 29 USC § 504. This is for tenth cause of action.

27

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant objects as follows:

To establish a claim, Jones must show: (1) she engaged in a protected activity; (2) USC knew she was involved in a protected activity; (3) an adverse action was taken against her; and (4) a causal connection exists between the protected activity and the adverse action.

If Jones can establish a prima facie case, the burden shifts to USC to show a legitimate, non-retaliatory purpose for its actions. If USC can show a legitimate purpose, the burden shifts back to Jones to demonstrate that the reason is pretextual. To overcome USC's legitimate, non-discriminatory reason, Jones must show that the "articulated reason is pretextual either directly by persuading the Court that a discriminatory reason more likely motivated USC or indirectly by showing that USC's proffered explanation is unworthy of credence."  If Jones is relying solely on indirect or circumstantial evidence of pretext, then the evidence must be "specific" and "substantial" to survive summary judgment. 13 All of these elements must be identified in the jury instructions.

Defendant cites to *Alex G. v. Board of Trustee*s, 387 F. Supp. 2d 1119, 1128 (2005) for support for the foregoing.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

1   Plaintiff's response:

2   Defendant makes numerous arguments from the *McDonnell Douglas* burden-shifting

3   test used at summary judgment. This is not appropriate for trial.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY
DEFENDANT

**Hostile Environment Harassment ——Section 1981 Essential Factual Elements (42 USC § 1981)**

Ms. Jones seeks damages against USC for a hostile environment based on race while enrolled at USC. In order to establish a hostile environment, Ms. Jones must prove each of the following elements by a preponderance of the evidence:

1. Ms. Jones was subjected to slurs, insults, jokes or other verbal comments, or other verbal or physical conduct based on her being African-American;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of Ms. Jones's experience at USC and create an abusive or hostile environment;

4. Ms. Jones perceived the environment to be abusive or hostile; and

5. a reasonable African-American in Ms. Jones's circumstances would consider the environment to be abusive or hostile.

Whether the environment constituted a hostile environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with a student's performance or student experience.

Source: Ninth Circuit Manual, Civil Jury Instructions, 10.2, adapted.
See 20 USC § 1681 *et seq.* This is for the eleventh cause of action.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant only objects that "preponderance of evidence" should be defined, which it is in a separate standard 9th Circuit instruction.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**Reasonable Accommodation**

To establish USC's duty to provide a reasonable accommodation, Ms. Jones must prove, by a preponderance of the evidence, both of the following elements:

1. Ms. Jones requested of USC an accommodation due to a disability.

and

2. USC could have made a reasonable accommodation that would have enabled Ms. Jones to perform the essential functions of a dental student and/or graduate from the DDS program.

Under federal law, accommodations by USC may include, but are not limited to:

    (1) allowing Ms. Jones to use different materials than other students that she was not allergic to;

    (2) modifying the class exams to allow for Ms. Jones to complete the work with different materials, or with additional tutoring or time;

    (3) restructuring the requirements to graduate from the dental program;

    (4) acquisition or modifications of examinations, training materials or policies; or

    (5) other similar accommodations for individuals with Ms. Jones's disabilities.

It is for you to determine whether the accommodations requested by Ms. Jones are reasonable.

Source: Ninth Circuit Manual, Civil Jury Instructions, 12.7, adapted CACI 2542 for non-employment case.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Defendant objects that there should be an instruction defining what the essential functions of being a dental student are, and that the list of reasonable accommodations suggested by Plaintiff is improper in that they have never been proposed previously, they are not reasonable, they do not allow Jones to perform the essential functions of a dental student, and/or they are unduly burdensome on USC.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff asserts that being a student is very different from an employment case where a jury may not be familiar with the essential functions of a particular job. Plaintiff also contends that there is no requirement that "reasonable accommodations" be restricted to ones Defendant claims it knew of. The duty is always on the defendant to determine what may be a reasonable accommodation, besides whatever the student may have proposed.

Plaintiff objects to Defendant's alternative version it calls "Disability-Reasonable Accommodation" as it contains a misleading list of such possible accommodations.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

**"Severe or Pervasive" Explained**

"Severe or pervasive" means conduct that alters the conditions of
the student experience and creates a hostile or abusive environment.
In determining whether the conduct was severe or pervasive, you should
consider all the circumstances. You may consider any or all of the
following:

(a) The nature of the conduct;

(b) How often, and over what period of time, the conduct occurred;

(c) The circumstances under which the conduct occurred;

(d) Whether the conduct was physically threatening or humiliating;

(e) The extent to which the conduct unreasonably interfered with a student's experience.

Source: CACI 2542 adapted for non-employment case.

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY
DEFENDANT

## "Disability" Explained

"Physical disability" includes, but is not limited to, all of the following:

(1) Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following:

(A) Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine.

(B) Limits a major life activity. For purposes of this section:

(i) "Limits" shall be determined without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.

(ii) A physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult.

(iii) "Major life activities" shall be broadly construed and includes physical, mental, and social activities and working.

(2) Any other health impairment not described in paragraph (1) that requires special education or related services.

(3) Having a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment described in paragraph (1) or (2), which is known to the employer or other entity covered by this part.

(4) Being regarded or treated by the employer or other entity covered by this part as having, or having had, any physical condition that makes achievement of a major life activity difficult.

(5) Being regarded or treated by the employer or other entity covered by this part as having, or having had, a disease, disorder, condition, cosmetic disfigurement,

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

anatomical loss, or health impairment that has no present disabling effect but may become a physical disability as described in paragraph (1) or (2).

Source: Cal. Gov. Code § 12926(m).

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

As Defendant has not yet provided Plaintiff with a copy of the joint instructions, the following is a list of such instructions that Plaintiff requested to be included in the joint set.

**Other standard instructions to be included:**

(It is unclear if Defendant objects to any of these)

Ninth Circuit Manual, Civil Jury Instructions:

Introductory instructions 1.0 – 1.18

Types of evidence 2.1 – 2.16

Deliberations 3.1 – 3.8

Agency 4.1-4.11

Damages 5.1 – 5.6

CACI:

Defamation – CACI 1702 - 1705 revised July 2016

Intentional Infliction of Emotional Distress – CACI 1600-1605

////
////
////

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

Plaintiff reserves the right to propose additional or substitute instructions depending upon the Court's rulings on summary judgment, motions in limine, and Defendant's objections to instructions.

Dated: August 19, 2016

THE GILLAM LAW FIRM
*A Professional Law Corporation*

By:   *s/ Carol L. Gillam*
      Carol L. Gillam
      Sara Heum

Attorneys for Plaintiff TIFFANY JONES

PLAINTIFF TIFFANY JONES' PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

Sara Heum