CARLSON & JAYAKUMAR LLP
   Keith W. Carlson, State Bar No. 193437
   Erika A. Iler, State Bar No. 2333608
2424 S. E. Bristol, Suite 300
Newport Beach, California 92660
Telephone: (949) 222-2008
Facsimile:  (949) 222-2012
E-Mail:  keith@cjattorneys.com
        jehan@cjattorneys.com
        erika@cjattorneys.com

Attorneys for Defendant UNIVERSITY
OF SOUTHERN CALIFORNIA

THE GILLAM LAW FIRM
*A Professional Law Corporation*
CAROL GILLAM (SBN 102354)
SARA HEUM (SBN 288136)
11620 Wilshire Boulevard, Suite 900
Los Angeles, California 90025
Telephone: (310) 203-9977/ Facsimile: (310) 203-9922
carol@gillamlaw.com
sara@gillamlaw.com

Attorneys for Plaintiff TIFFANY JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TIFFANY JONES, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, an entity, and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No. 2:15-cv-06580-PSG-AFM<br>Assigned to Judge Philip S. Gutierrez<br><br>**PLAINTIFF AND DEFENDANT'S JOINT PROPOSED JURY INSTRUCTIONS**<br><br><br>Complaint Filed:  July 22, 2015<br>Removal Date:  August 27, 2015 |

Pursuant to Federal Rule of Civil Procedure 51, Defendant University of Southern California ("Defendant" or "USC") and Plaintiff Tiffany Jones ("Plaintiff" or "Jones") hereby submit the following joint proposed jury instructions for use in this trial.

Dated: September 5, 2016          THE GILLAM LAW FIRM
                                 *A Professional Law Corporation*

                                 By:   _/s/ Sara Heum_
                                       Carol L. Gillam
                                       Sara Heum
                                       Attorneys for Plaintiff TIFFANY
                                       JONES

Dated: September 5, 2016          CARLSON & JAYAKUMAR LLP


                                 By:   _/s/ Keith W. Carlson_
                                       Keith W. Carlson
                                       Erika A. Iler
                                       Attorneys for Defendant
                                       UNIVERSITY
                                       OF SOUTHERN CALIFORNIA

# 1.0 COVER SHEET

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

TIFFANY JONES, an individual,

        Plaintiff,

      v.

UNIVERSITY OF SOUTHERN
CALIFORNIA, an entity, and DOES 1
through 25, inclusive,

        Defendants.

**JURY INSTRUCTIONS**

     DATED: September 1, 2016

UNITED STATES DISTRICT JUDGE PHILLIP S. GUTIERREZ

3

**Joint Proposed Jury Instruction:**

## JOINT JURY INSTRUCTION NO. 1
## 1.1A DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Source: 9th Cir. 1.1A.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 2**
**1.1B DUTY OF JURY (COURT READS INSTRUCTIONS AT THE**
**BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source: 9th Cir. 1.1B.

**JOINT JURY INSTRUCTION NO. 3**
**1.1C DUTY OF JURY (COURT READS AND PROVIDES**
**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: 9th Cir. 1.1C.

**JOINT JURY INSTRUCTION NO. 4**
**1.2 CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Tiffany Jones, asserts that the defendant, University of Southern California, retaliated against her because she engaged in protected activity, including complaining about sex, race, and disability discrimination, and USC's failure to accommodate Plaintiff's disability.

Plaintiff asserts that USC retaliated against her by taking adverse action, including failing her in classes, placing her on probation, and ultimately disqualifying her from the dental program. Plaintiff also alleges that USC created a hostile environment for her. The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]].  [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

The plaintiff denies defendant's affirmative defenses.

Source: 9th Cir. 1.2.

**JOINT JURY INSTRUCTION NO. 5**
**1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: 9th Cir. 1.3.

## JOINT JURY INSTRUCTION NO. 6
### 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

Source: 9th Cir. 1.6.

JOINT JURY INSTRUCTIONS

## JOINT JURY INSTRUCTION NO. 7
## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may [see or hear] [have seen or heard] when the

JOINT JURY INSTRUCTIONS

court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: 9th Cir. 1.7.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 8**
**1.8 EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

Source: 9th Cir. 1.8.

1
2

**JOINT JURY INSTRUCTION NO. 9**
**1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3
4
5
6
7
8
9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

10
11

Source: 9th Cir. 1.9.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 10**
**1.10 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: 9th Cir. 1.10.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 11**
**1.11 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with

15

something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: 9th Cir. 1.11.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 12**
**1.12 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly

JOINT JURY INSTRUCTIONS

may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

JOINT JURY INSTRUCTIONS

Source: 9th Cir. 1.12.

JOINT JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT JURY INSTRUCTION NO. 13**
**1.13 PUBLICITY DURING TRIAL**

     If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately. Source: 9th Cir. 1.13.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 14**
**1.14 NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

Source: 9th Cir. 1.14.

21

JOINT JURY INSTRUCTIONS

### JOINT JURY INSTRUCTION NO. 15
### 1.16 QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Source: 9th Cir. 1.16.

22

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 16**
**1.17 BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do have done what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: 9th Cir. 1.17.

23

**JOINT JURY INSTRUCTION NO. 17**
**1.18 OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: 9th Cir. 1.18.

JOINT JURY INSTRUCTIONS

## JOINT JURY INSTRUCTION NO. 18
## 2.1 STIPULATED TESTIMONY

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Source: 9th Cir. 2.1.

**JOINT JURY INSTRUCTION NO. 19**
**2.2 STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

Source: 9th Cir. 2.2.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 20**

**2.3 JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state fact*].  You must accept this fact as true.

Source: 9th Cir. 2.3.

27

**JOINT JURY INSTRUCTION NO. 21**
**2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify. Source: 9th Cir. 2.4.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 22**

**2.9 IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source: 9th Cir. 2.9.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 23**
**2.12 USE OF REQUESTS FOR ADMISSION**


Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Source: 9th Cir. 2.12.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 24**
**2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**


Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: 9th Cir. 2.14.

**JOINT JURY INSTRUCTION NO. 25**
**2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**


Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: 9th Cir. 2.15.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 26**
**2.16 EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the

computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Source: 9th Cir. 2.16.

JOINT JURY INSTRUCTIONS

# JOINT JURY INSTRUCTION NO. 27
## 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.

The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.

Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: 9th Cir. 3.1.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 28**
**3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this

case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source: 9th Cir. 3.2.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 29**
**3.3 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: 9th Cir. 3.3.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 30**
**3.4 READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Source: 9th Cir. 3.4.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 31**
**3.5 RETURN OF VERDICT**


A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.


Source: 9th Cir. 3.5.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 32**

**4.1 CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a university is entitled to the same fair and conscientious consideration by you as any party.

Source: 9th Cir. 4.1.

41

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 33**

**4.2 LIABILITY OF CORPORATIONS—SCOPE OF**

**AUTHORITY NOT IN ISSUE**

Under the law, the defendant University of Southern California is considered to be a person.  It can only act through its employees, agents, directors, or officers. Therefore, USC is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: 9th Cir. 4.2.

**JOINT JURY INSTRUCTION NO. 34**

**4.4 AGENT AND PRINCIPAL - DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. [One may be an agent without receiving compensation for services.] [The agency agreement may be oral or written.]

Source: 9th Cir. 4.4.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT JURY INSTRUCTION NO. 35**

**4.5 AGENT—SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

Source: 9th Cir. 4.5.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 36**

**4.8 ACT OF AGENT IS ACT OF PRINCIPAL-**

**SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Source: 9th Cir. 4.8.

### JOINT JURY INSTRUCTION NO. 37
### 5.1-5.2 DAMAGES—PROOF and MEASURES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, Tiffany Jones on her claims, you must determine her damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Ms. Jones for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of earning capacity and employment opportunities lost up to the present time; and

The reasonable value of earning capacity and employment opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### Comment

Insert only the appropriate bracketed items from this instruction into Instruction 5.1 (Damages—Proof). Additional paragraphs may have to be drafted to fit other types of damages. Particular claims may have special rules on damages. *See*, *e.g.*, Instructions 7.11 (Maintenance and Cure), 11.7A (Age Discrimination—

Damages—Back Pay—Mitigation), and 11.7B (Age Discrimination—Damages—Willful Discrimination—Liquidated Damages).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a(b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999).  The cap does not apply to front pay and back pay.  *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848 (2001).  *See also Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (defining front pay and back pay); Introductory Comment to Chapter 10.

In Title VII and ADA cases, the court, not the jury, determines the amount of back pay. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir.2005); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975). Under the Family Medical Leave Act, the court, not the jury, determines the amount of front pay.  *Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011-14 (9th Cir.2010)

Source: 9th Cir. 5.1-5.2.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 38**
**5.4 DAMAGES ARISING IN THE FUTURE - DISCOUNT TO**
**PRESENT CASH VALUE**

[Any award for future economic damages must be for the present cash value of those damages.]

[Noneconomic damages [such as [pain and suffering] [disability] [disfigurement] [and] [*specify other noneconomic damages*]] are not reduced to present cash value.]

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages [will be incurred] [or] [would have been received].

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  [You should also consider decreases in the value of money that may be caused by future inflation.]

### Comment

There must be evidence to support this instruction.  *See Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 339-42 (1988); *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 508-09 (9th Cir.2000).
Source: 9th Cir. 5.4.

JOINT JURY INSTRUCTIONS

## JOINT JURY INSTRUCTION NO. 39
## 5.5 PUNITIVE DAMAGES

If you find for Ms. Jones, the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual

JOINT JURY INSTRUCTIONS

harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

**Comment**

Punitive damages are not available in every case.  For example, punitive damages are not available against municipalities, counties or other governmental entities unless expressly authorized by statute.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-71 (1981).  Punitive damages may, however, be available against governmental employees acting in their individual capacities.  *See Monell v. New York City Dept. of Soc. Services,* 436 U.S. 658 (1978); *City of Newport,* 453 U.S. at 254.  In diversity cases, look to state law for an appropriate instruction.

Whether and under what criterion punitive damages are available depends upon the substantive standards applicable to the underlying claim for relief, and, therefore, the third paragraph of this instruction should be modified accordingly.

As to Title VII claims, an employer may be liable for punitive damages when the employer "discriminate[s] in the face of a perceived risk that its actions will violate federal law."  *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 514-15 (9th Cir.2000) (citing *Kolstad v. American Dental Ass'n*., 527 U.S. 526, 536 (1999).  *See also Caudle v. Bristol Optical Co*., 224 F.3d 1014, 1026-27 (9th Cir.2000).  Punitive and compensatory damages are subject to caps in Title VII cases.  *See* 42 U.S.C. § 1981a(b)(3); *Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir.2014) (en banc) (analyzing

50

---

JOINT JURY INSTRUCTIONS

constitutionality of punitive damages under § 1981(b) when only nominal damages are awarded).

As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir.1993).  In *Dang v. Cross,* the Ninth Circuit held this "statement of the law of punitive damages is incomplete, however.  The standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases. . . . [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates for punitive damages under § 1983."  422 F.3d 800, 807 (9th Cir.2005) (citing *Smith v. Wade,* 416 U.S. 30, 49 (1983)).  The *Dang* court held it was reversible error to decline to instruct that "oppressive acts" were an alternative basis for punitive damages in a § 1983 case.

Similarly, punitive damages claims arising under state law are subject to state law standards for recovery which should be reflected in a modified jury instruction.  *See, e.g.*, *Coughlin v. Tailhook Ass'n,* 112 F.3d 1052, 1056 (9th Cir.1997).

Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief.  For example, several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim.  On the other hand, a preponderance of the evidence standard has been upheld for punitive damages in certain federal

claims.  *See, e.g., In re Exxon Valdez,* 270 F.3d 1215, 1232 (9th Cir.2001) (holding that preponderance standard applied to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)).

If punitive damages are available and evidence of defendant's financial condition is offered in support of such damages, a limiting instruction may be appropriate.  *See* Instruction 1.8 (Evidence for Limited Purpose) and numbered paragraph (3) in Instruction 1.7 (What Is Not Evidence).

Regarding degree of reprehensibility and punitive damages generally, *see Philip Morris USA v. Williams*, 549 U.S. 346, 353-54 (2007*), BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *see also Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir.1993) ("*Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future.").  *See also White v. Ford Motor Co.*, 500 F.3d 963, 972 (9th Cir.2007) (holding that trial court's failure to give a "harm to nonparties" instruction violated due process and was reversible error after *Williams*).  Bracketed language in the fourth paragraph of the instruction addresses this requirement when evidence concerning harm to nonparties is admitted on the issue of degree of reprehensibility.

Regarding whether to instruct the jury concerning the relationship of any award of punitive damages to compensatory damages, the Ninth Circuit noted in *White v. Ford Motor Co.* that this inquiry "is markedly different from the jury's determination of a specific amount of punitive damages; its purpose is to aid in ascertaining the constitutional *ceiling*.  Unlike the initial damage calculation,

JOINT JURY INSTRUCTIONS

determining the constitutional ceiling on a punitive damage award is a question of law, properly reserved for the court." 500 F.3d at 974 (emphasis in original). The court also observed that, although "states are certainly free to incorporate the reasonable relationship concept into jury instructions, . . . it is also constitutionally permissible for a district court to delay the reasonable relationship inquiry until the judge's post-verdict review." *Id.* at 974. Because Nevada chose the latter course, it was not error in *White* for the district court to decline a "relationship inquiry" instruction. *Id.*

Regarding the constitutional, due process issues involved in the "relationship inquiry," *see State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), referring to *Gore* and *Haslip* and stating that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1, or, in this case, of 145 to 1." In *State Farm*, the Court went on to say that "because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" *Id.* (quoting *Gore*, 517 U.S. at 582.) For an application of the *State Farm* ratio principles in the context of a 42 U.S.C. § 1981 case, *see Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 774-77 (9th Cir.2005). *But see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 513 (2008) (applying federal maritime common law to conclude punitive damages could not exceed 1:1 ratio in maritime cases).

Source: 9th Cir. 5.5.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 40**

**3900. INTRODUCTION TO TORT DAMAGES – LIABILITY CONTESTED**

If you decide that Tiffany Jones has proved her claim against USC, you also must decide how much money will reasonably compensate Ms. Jones for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by USC wrongful conduct, even if the particular harm could not have been anticipated.

Ms. Jones does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

[The following are the specific items of damages claimed by Ms. Jones]

[*Insert applicable instructions on items of damage.*]

Source: CACI 3900.

# JOINT JURY INSTRUCTION NO. 41
## 3902. ECONOMIC AND NONECONOMIC DAMAGES

The damages claimed by Ms. Jones for the harm caused by USC fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

Source: CACI 3902.

**JOINT JURY INSTRUCTION NO. 42**
**3903. ITEMS OF ECONOMIC DAMAGE**

The following are the specific items of economic damages claimed by Ms. Jones:

[*Insert applicable instructions on items of economic damage.*]

Source: CACI 3903.

**JOINT JURY INSTRUCTION NO. 43**
**3903A. MEDICAL EXPENSES – PAST AND FUTURE**
**(ECONOMIC DAMAGE)**

[*Insert number, e.g.,* "1."] [Past] [and] [future] medical expenses.
[To recover damages for past medical expenses, Ms. Jones must prove the reasonable cost of reasonably necessary medical care that she has received.]

[To recover damages for future medical expenses, Ms. Jones must prove the reasonable cost of reasonably necessary medical care that she is reasonably certain to need in the future.]

Source: CACI 3903A.

**JOINT JURY INSTRUCTION NO. 44**
**3903C. PAST AND FUTURE LOST EARNINGS**
**(ECONOMIC DAMAGE)**

[*Insert number, e.g.,* "3."] [Past] [and] [future] lost earnings.

[To recover damages for past lost earnings, Ms. Jones must prove the amount of [*insert one or more of the following:*

Income/earnings/salary/wages] that she has lost to date.] [To recover damages for future lost earnings, Ms. Jones must prove the amount of [*insert one or more of the following:* income/earnings/salary/wages] she will be reasonably certain to lose in the future as a result of the injury.]

Source: CACI 3903C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT JURY INSTRUCTION NO. 45
## 3903D. LOST EARNING CAPACITY
## (ECONOMIC DAMAGEGE)

[*Insert number, e.g.,* "4."] The loss of Ms. Jones ability to earn money.

To recover damages for the loss of the ability to earn money as a result of the injury, Ms. Jones must prove the reasonable value of that loss to her. It is not necessary that she have a work history.

Source: CACI 3903D.

**JOINT JURY INSTRUCTION NO. 46**
**3903N. LOST PROFITS (ECONOMIC DAMAGE)**

[*Insert number, e.g.*, "13."] Lost profits.

To recover damages for lost profits, Ms. Jones must prove it is reasonably certain she would have earned profits but for USC's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Ms. Jones would have received but for USC's conduct and then subtract from that amount the expenses [including the value of the [*specify categories of evidence, such as labor/ materials/rents/all expenses/interest of the capital employed*]] Ms. Jones would have had if USC's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

Source: CACI 3903N.

**JOINT JURY INSTRUCTION NO. 47**
**3904A. PRESENT CASH VALUE**

If you decide that Ms. Jones's harm includes future [economic] damages for [loss of earnings/future medical expenses/lost profits/[*insert other economic damages*]], then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. USC must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Ms. Jones with the amount of her future damages.

[You may consider expert testimony in determining the present cash value of future [economic] damages.] [[You must [use the interest rate of percent/[and] [*specify other stipulated information*]] as agreed to by the parties in determining the present cash value of future [economic] damages.]

Source: CACI 3904A.

# JOINT JURY INSTRUCTION NO. 48
## 3905. ITEMS OF NONECONOMIC DAMAGE

The following are the specific items of noneconomic damages claimed by Ms. Jones:

[*Insert applicable instructions on items of noneconomic damage.*]

Source: CACI 3905.

**JOINT JURY INSTRUCTION NO. 49**
**3905A. PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL**
**DISTRESS (NONECONOMIC DAMAGE)**

[*Insert number, e.g.,* "1."] [Past] [and] [future] [physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress/[*insert other damages*]].

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

[To recover for future [*insert item of pain and suffering*], Ms. Jones must prove that she is reasonably certain to suffer that harm.

For future [*insert item of pain and suffering*], determine the amount in current dollars paid at the time of judgment that will compensate Ms. Jones for future [*insert item of pain and suffering*]. [This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.]]

Source: CACI 3905A.

**JOINT JURY INSTRUCTION NO. 50**
**3946. PUNITIVE DAMAGES – ENTITY DEFENDANT – BIFURCATED**
**TRIAL (FIRST PHASE)**
**(First Phase)**

If you decide that USC's conduct caused Ms. Jones harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Ms. Jones has proved that USC engaged in that conduct with malice, oppression, or fraud. To do this, Ms. Jones must prove [one of] the following by clear and convincing evidence:

1. [That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of USC who acted on behalf of USC; [or]]

2. [That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of USC; [or]]

3. [That one or more officers, directors, or managing agents of USC knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]

"Malice" means that USC acted with intent to cause injury or that USC's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that USC's conduct was despicable and subjected Ms. Jones to cruel and unjust hardship in knowing disregard of [his/her] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that USC intentionally misrepresented or concealed a material fact and did so intending to harm USC.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

Source: CACI 3946.

JOINT JURY INSTRUCTIONS

**JOINT JURY INSTRUCTION NO. 51**

**3949. PUNTIVE DAMAGES – INDIVIDUAL AND CORPORATE DEFENDANTS (CORPORATE LIABILITY BASED ON ACTS OF NAMED INDIVIDUAL) – BIFURCATED TRIAL (SECOND PHASE)**

You must now decide the amount, if any, that you should award Ms. Jones in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

(a) How reprehensible was defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether the defendant disregarded the health or safety of others;

3. Whether Ms. Jones was financially weak or vulnerable and the defendant knew Ms. Jones was financially weak or vulnerable and took advantage of her;

4. Whether the defendant's conduct involved a pattern or practice; and

5. Whether the defendant acted with trickery or deceit. (b) Is there a reasonable relationship between the amount of punitive damages and Ms. Jones' harm [or between the amount of punitive damages and potential harm to Ms. Jones that the defendant knew was likely to occur because of its conduct]? (c) In view of that defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. [Any award you impose may not exceed that defendant's ability to pay.]

[Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Ms. Jones.

Source: CACI 3949.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT JURY INSTRUCTION NO. 52**
**FAILURE TO STATE A CLAIM**

If Ms. Jones has failed to meet the burden of any of her claims, the jury must find in favor of USC on that claim.

Source:  Special Jury Instruction, Ninth Circuit Manual of Model Civil Jury Instructions, Civil Rights – Title VII – Disparate Impact – "Motivating Factor – Elements of Burden and Proof.

Source: 9th Cir.

## JOINT JURY INSTRUCTION NO. 53
### ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you an additional instruction.  By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you.  You must consider this instruction together with all of the other instructions that were given to you.

You will now retire to the jury room and continue your deliberations.

### Comment

Use this instruction for giving an additional instruction to a jury while it is deliberating.  If the jury has a copy of the instructions, send the additional instruction to the jury room.  Unless the additional instruction is by consent of both parties, both sides must be given an opportunity to take exception or object to it.  If this instruction is used, it should be made a part of the record. The judge and attorneys should make a full record of the proceedings.

*See* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.B (2013).

Source: 9th Cir.

**INDEX**

| No. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 1 | Duty of Jury (Provides Written Instruction) | 9TH Cir. 1.1A | 4 |
| 2 | Duty of Jury (Does Not Provide Written Instruction) | 9th Cir. 1.1B | 5 |
| 3 | Duty of Jury (Provides Written Instruction End of Case) | 9th Cir. 1.1C | 6 |
| 4 | Claims and Defenses | 9th Cir. 1.2 | 7 |
| 5 | Burden of Proof | 9th Cir. 1.3 | 8 |
| 6 | What is Evidence | 9th Cir. 1.6 | 9 |
| 7 | What is Not Evidence | 9th Cir. 1.7 | 10 |
| 8 | Evidence for Limited Purpose | 9th Cir. | 12 |
| 9 | Direct and Circumstantial Evidence | 9th Cir. 1.9 | 13 |
| 10 | Ruling on | 9th Cir. | 14 |

70

JOINT JURY INSTRUCTIONS

|  |  | Objections | 1.10 |  |
|---|---|---|---|---|
| 11 |  | Credibility of Witnesses | 9th Cir. 1.11 | 15 |
| 12 |  | Conduct of the Jury | 9th Cir. 1.12 | 17 |
| 13 |  | Publicity During Trial | 9th Cir. 1.13 | 20 |
| 14 |  | No Transcript Available to Jury | 9th Cir. 1.14 | 21 |
| 15 |  | Questions to Witnesses by Jurors | 9th Cir. 1.16 | 22 |
| 16 |  | Bench Conferences and Recesses | 9th Cir. 1.17 | 23 |
| 17 |  | Outline of Trial | 9th Cir. 1.18 | 24 |
| 18 |  | Stipulated Testimony | 9th Cir. 2.1 | 25 |
| 19 |  | Stipulations of Fact | 9th Cir. 2.2 | 26 |
| 20 |  | Judicial Notice | 9th Cir. 2.3 | 27 |
| 21 |  | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 28 |
| 22 |  | Impeachment | 9th Cir. | 29 |

JOINT JURY INSTRUCTIONS

|    |     |                                              |                   |     |
|----|-----|----------------------------------------------|-------------------|-----|
|    |     | Evidence – Witness                           | 2.9               |     |
|    | 23  | Use of Request for Admission                 | 9th Cir. 2.12     | 30  |
|    | 24  | Charts and Summaries Not Received In Evidence | 9th Cir. 2.14     | 31  |
|    | 25  | Charts and Summaries Received in Evidence     | 9th Cir. 2.15     | 32  |
|    | 26  | Evidence in Electronic Format                | 9th Cir. 2.16     | 33  |
|    | 27  | Duty to Deliberate                           | 9th Cir. 3.1      | 35  |
|    | 28  | Consideration of Evidence                    | 9th Cir. 3.2      | 36  |
|    | 29  | Communication with Court                     | 9th Cir. 3.3      | 38  |
|    | 30  | Readback or Playback                         | 9th Cir. 3.4      | 39  |
|    | 31  | Return of Verdict                            | 9th Cir. 3.5      | 40  |
|    | 32  | Corps. & Partnerships – Fair Treatment       | 9th Cir. 4.1      | 41  |

72

JOINT JURY INSTRUCTIONS

| 33 | Liability of Corporations | 9th Cir. 4.2 | 42 |
|----|---------------------------|--------------|----|
| 34 | Agent and Principal – Definition | 9th Cir. 4.4 | 43 |
| 35 | Agent – Scope of Authority Defined | 9th Cir. 4.5 | 44 |
| 36 | Act of Agent is Act of Principal | 9th Cir. 4.8 | 45 |
| 37 | Damages – Proof and Measures | 9th Cir. 5.1-5.2 | 46 |
| 38 | Damages Arising in the Future | 9th Cir. 5.4 | 48 |
| 39 | Punitive Damages | 9th Cir. 5.5 | 49 |
| 40 | Introduction to Tort Damages | CACI 3900 | 54 |
| 41 | Economic and Noneconomic Damages | CACI 3902 | 54 |
| 42 | Items of Economic Damage | CACI 3903 | 56 |
| 43 | Medical Expenses | CACI 3903A | 57 |
| 44 | Past and Future | CACI | 58 |

JOINT JURY INSTRUCTIONS

| | Lost Earning | 3903C | |
|---|---|---|---|
| 45 | Lost Earning Capacity | CACI 3903D | 59 |
| 46 | Lost Profits (Economic Damage) | CACI 3903N | 60 |
| 47 | Present Cash Value | CACI 3904A | 61 |
| 48 | Items of Noneconomic Damage | CACI 3905 | 62 |
| 49 | Physical Pain, Mental Suffering etc. | CACI 3905A | 63 |
| 50 | Punitive Damages – Entity Defendant | CACI 3946 | 64 |
| 51 | Punitive Damages – Individual and Corp. | CACI 3949 | 66 |
| 52 | Failure to State a Claim | 9th Cir. | 68 |
| 53 | Additional Instructions of Law | 9th Cir. | 69 |

JOINT JURY INSTRUCTIONS