THE GILLAM LAW FIRM
*A Professional Law Corporation*
CAROL GILLAM (SBN 102354)
SARA HEUM (SBN 288136)
11620 Wilshire Boulevard, Suite 900
Los Angeles, California 90025
Telephone: (310) 203-9977/ Facsimile: (310) 203-9922
carol@gillamlaw.com
sara@gillamlaw.com
Attorneys for Plaintiff Tiffany Jones

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TIFFANY JONES, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, an entity, and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-06580-PSG-AFM<br>Assigned to Judge Philip S. Gutierrez<br><br>**PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS**<br><br>Complaint Filed:  July 22, 2015<br>Removal Date:  August 27, 2015 |

TO THE COURT, DEFENDANT, AND COUNSEL OF RECORD:

Plaintiff TIFFANY JONES ("Plaintiff" or "Jones") hereby submits the following proposed jury instructions disputed by Defendant.

Dated: September 5, 2016        THE GILLAM LAW FIRM

*A Professional Law Corporation*


By:   *s/ Carol L. Gillam*
                Carol L. Gillam
                Sara Heum
        Attorneys for Plaintiff TIFFANY JONES

**Jones's Proposed Jury Instruction 1:**
**Hostile Environment Harassment - California Gov. Code —Essential**
**Factual Elements (Gov. § 11135)**

Tiffany Jones claims that she was subjected to harassment based on her disability, gender, and/or race by USC, causing a hostile or abusive environment. To establish this claim, Ms. Jones must prove all of the following:

1. That Ms. Jones was subjected to unwanted harassing conduct because she was disabled, or perceived as disabled, or because of her race or because she was a woman (or any combination of these);
2. That the harassing conduct was severe or pervasive;
3. That a reasonable African American, woman, disabled person or person perceived as disabled in Ms. Jones's circumstances would have considered the environment to be hostile or abusive; and
4. That Ms. Jones considered the environment to be hostile or abusive.

Source: CACI 2521A, adapted. Changes language from employment setting. See Gov. Code § 11135.

**Objections and Statement:**

USC objects in that the jury instruction for the seventh cause of action should be divided into three jury instructions based on the protected categories. Further, Plaintiff was determined not to be "disabled" and her disability claims were dismissed on summary adjudication.  Thus, any reference to harassment because Plaintiff was "disabled" must be deleted as irrelevant and a confusion of the jury issues.  Ms. Jones asserts. USC thus proposes the following amendments:

### Hostile Environment Harassment - California Gov. Code —Essential Factual Elements (Gov. § 11135) – Race

Tiffany Jones claims that she was subjected to harassment based on her race by USC, causing a hostile or abusive environment. To establish this claim, Ms. Jones must prove all of the following:

1.      That Ms. Jones was subjected to unwanted harassing conduct because of her race;

2.      That the harassing conduct was severe or pervasive;

3.      That a reasonable African-American person in Ms. Jones's circumstances would have considered the environment to be hostile or abusive; and

4.  That Ms. Jones considered the environment to be hostile or abusive.

Source: CACI 2521A, adapted. Changes language from employment setting. See Gov. Code § 11135.

### Hostile Environment Harassment - California Gov. Code —Essential Factual Elements (Gov. § 11135) – Sex

Tiffany Jones claims that she was subjected to harassment based on her sex by USC, causing a hostile or abusive environment. To establish this claim, Ms. Jones must prove all of the following:

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

1.     That Ms. Jones was subjected to unwanted harassing conduct because she was a woman;

2.     That the harassing conduct was severe or pervasive;

3.     That a reasonable woman in Ms. Jones's circumstances would have considered the environment to be hostile or abusive; and

4.  That Ms. Jones considered the environment to be hostile or abusive.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Plaintiff's Position:**

Plaintiff combined the three characteristics into a single instruction so the jury could better understand that they may find liability on one or more bases, including a combined basis.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Jones's Proposed Jury Instruction 2:**
**"Severe or Pervasive" Explained**

"Severe or pervasive" means conduct that alters the conditions of a student experience and creates a hostile or abusive environment. In determining whether the conduct was severe or pervasive, you should consider all the circumstances. You may consider any or all of the following:

(a) The nature of the conduct;

(b) How often, and over what period of time, the conduct occurred;

(c) The circumstances under which the conduct occurred;

(d) Whether the conduct was physically threatening or humiliating;

(e) The extent to which the conduct unreasonably interfered with Ms. Jones' student experience.

Source: CACI 2524, adapted. Changes language from employment setting. See Gov. Code § 11135.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Objections and Statement:**

This CACI instruction is applicable to the Seventh Cause of Action for Hostile Environment based on Cal. Gov. Code § 11135. CACI 2524 (Cal. Gov. Code § 11135) instruction for part (e) refers to "performance" not "experience;" hence, the instruction for defining "severe or pervasive" for part (e) should state "student performance," not "student experience." A combination of the definition of "severe and pervasive" for all harassment instructions into one instruction is improper.

Under Cal. Cal. Gov. Code § 11135, the victim of harassment must show a "concerted pattern of harassment of a repeated, routine or a generalized nature" and that the alleged conduct constituted an "unreasonably abusive or offensive . . . environment or adversely affected the reasonable employee's ability to do his or her job." *Davis v. Monsanto Chemical Co*., 858 F.2d 345, 349 (6th Cir. 1988).  "Occasional, isolated, sporadic, or trivial" acts are usually not enough to create a hostile environment. *Aguilar v. Avis Rent-a-Car System, Inc.,* 21 Cal. 4th 121, 130-131 (1999); *Etter v. Veriflow Corp*., 67 Cal. App. 4th 463-464 (1998).  A fact-finder also considers the incident's severity. The required severity of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct – the more incidents, the less severe they need to be to establish a hostile environment. *Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir. 1991).

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Plaintiff's Position:**

Student performance is not an element of a hostile environment claim. "Student experience" is a more appropriate substitution for work environment.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Jones's Proposed Jury Instruction 3:**

**Hostile Environment Harassment**
**(combined for all federal statutes)**

Ms. Jones seeks damages against USC under federal law for a hostile environment while enrolled at USC. In order to establish a hostile environment, Ms. Jones must prove each of the following elements by a preponderance of the evidence:

1. Ms. Jones was subjected to slurs, insults, jokes or other verbal comments, or other verbal or physical conduct because she was disabled, or perceived as disabled, or because of her race or because she was a woman (or any combination of these);

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of Ms. Jones's experience at USC and create an abusive or hostile environment;

4. Ms. Jones perceived the environment to be abusive or hostile; and

5. a reasonable woman in Ms. Jones's circumstances would consider the environment to be abusive or hostile.

Whether the environment constituted a hostile environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with a student's performance or student experience.

Source: Ninth Circuit Manual, Civil Jury Instructions, 10.2, adapted from employment setting.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Objections and Statement:**

USC received this new instruction on August 29, 2016. This instruction improperly combines the retaliation instruction for the Hostile Environment Harassment (Title IX, 20 U.S.C. §1681, Hostile Environment 42 U.S.C. §1981, Title VI, and Rehabilitation Act, 29 USC Section 504, into one instruction.  Further, Plaintiff's complaint does not have a cause of Action for Retaliation based on Title VI (though it purports to include this now as its "Claim 5" in the Proposed Pre-Trial Conference Order) or The Rehabilitation Act, 29 USC Section 504 (though it purports to include this now as "Claim 8" in the Proposed Pre-Trial Conference Order). These new claims must be excluded.

Title IX refers to sex; and 42 U.S.C. §1981 refers to race, color, or citizenship. None of these pertain to disability, actual or perceived; thus the instruction is improper. Ms. Jones alleges a myriad of complaints based on race, sex, and disability. USC thus proposes that the jury instructions be segregated as originally prepared, subject to USC's objections. To avoid jury confusion, USC requests that the instructions be segregated per cause of action (*i.e.* race and sex).

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Plaintiff's Position:**

 Plaintiff has combined the three protected characteristics. It is confusing and duplicative to have an identical instruction set forth three times for each characteristic. Doing so also ignores the fact that the jury may find a combination of one of more protected characteristics meets the standard.

**Jones's Proposed Jury Instruction 4:**

**Disability Retaliation**
**(Violation of Rehabilitation Act, 29 USC § 504)**

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the Rehabilitation Act or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.

Disability is not an element of a retaliation action under the Rehabilitation Act.

For the plaintiff to establish retaliation in violation of the Rehabilitation Act, the plaintiff must prove the following elements by a preponderance of evidence:

1. Tiffany Jones engaged in conduct protected under the Rehabilitation Act, such as seeking an accommodation, or complaining about discrimination, or complaining about harassment;

2. Ms. Jones was subjected to an adverse action at the time, or after, the protected conduct occurred, such as disqualifying her, failing her in certain classes, putting her on probation, and/or refusing to allow her to make up coursework; and

3. USC engaged in the adverse action because of her conduct protected under the Rehabilitation Act.

If you find that each of the elements on which Ms. Jones has the burden of proof has been proved, your verdict should be for her. If, on the other hand, Ms. Jones has failed to prove any of these elements, your verdict should be for USC.

Source: Ninth Circuit Manual, Civil Jury Instructions, 12.9, adapted from work environment, and substituted Rehabilitation Act for ADA.

**Objections and Statement:**

The jury instruction should specify the protected activity engaged in by Jones. The jury instruction should specify the adverse action allegedly suffered by Jones. USC proposes the following amended jury instruction:

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the Rehabilitation Act or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.

Disability is not an element of a retaliation action under the Rehabilitation Act.

For the plaintiff to establish retaliation in violation of the Rehabilitation Act, the plaintiff must prove the following elements by a preponderance of evidence:

1.     Ms. Jones engaged in protected activity, that is, she complained to USC about needing an accommodation for her perceived disability;

2.     USC knew about Ms. Jones protected activity;

3.     Ms. Jones was subjected to an adverse action, that is, disqualification from the Class of 2016, at the time, or after, the protected activity occurred;

4.     USC disqualified Ms. Jones from the Class of 2016 because of her protected activity under the Rehabilitation Act;

5.     But for Ms. Jones complaints about needing an accommodation for her perceived disability, Ms. Jones would not have been subjected to the adverse action, disqualification from the Class of 2016.

If Ms. Jones can establish the above five elements, you must determine if USC has articulated a "legitimate non-retaliatory reason" for the action. If USC can offer such a reason, Ms. Jones must then show that USC's proffered reason is pretextual and that the recipient's actual reason was retaliation. If Ms. Jones cannot show that USC's reasons were pretextual, your verdict should be for USC.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

Source: Ninth Circuit Manual, Civil Jury Instructions, 12.9, adapted from work environment, and substituted Rehabilitation Act for ADA; *see Davis v. Halpern*, 768 F.Supp. 968, 985 (E.D.N.Y. 1991) (regarding defendant's knowledge of protected activity); *see also Palmquist v. Shinseki*, 689 F.3d 66, 74 (1st Cir. 2012)

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Plaintiff's Response:**

Although unnecessary, Plaintiff inserted some examples of protected activity and of adverse actions.

**Jones's Proposed Jury Instruction 5:**

**Retaliation in Violation of Other Federal Statutes**

(Title VI of the Civil Rights Act of 1964, Title IX, Section 1981 – all combined in one instruction)

Tiffany Jones claims that USC retaliated against her in violation of federal law. To establish this claim, Ms. Jones must prove all of the following:

1. Ms. Jones engaged in or was engaging in an activity protected under federal law, for example, seeking a disability accommodation, or complaining about discrimination, or complaining about harassment;

2. USC subjected Ms. Jones to an adverse action, such as disqualifying her, failing her in certain classes, putting her on probation, and/or refusing to allow her to make up coursework; and

3. Ms. Jones was subjected to the adverse action because of her participation in protected activity.

Ms. Jones does not have to prove discrimination or harassment in order to be protected from retaliation. If she reasonably believed that USC's conduct was unlawful, or if she requested a disability accommodation, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination or harassment, or a failure to accommodate a disability.

A plaintiff is "subjected to an adverse action" because of her participation in protected activity if the adverse action would not have occurred but for that participation. If you find that Ms. Jones has proved all three of these elements, your verdict should be for her. If, on the other hand, Ms. Jones has failed to prove any of these elements, your verdict should be for USC.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

Sources:  Ninth Circuit Manual, Civil Jury Instructions, 10.3, adapted, and CACI 2505 (Amended 2016) for second paragraph. Changes language from employment setting.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Objections and Statement:**

USC received this new instruction on August 29, 2016. This instruction improperly combines the retaliation instruction for Title VI, Title IX, Section 1981 into one instruction.  Plaintiff's complaint does not have a cause of Action for Retaliation based on Title IX (though it purports to include this now as its "Claim 3" in the Proposed Pre-Trial Conference Order). This new claim must be excluded.

Title VI of the Civil Rights Act of 1964 refers to race, color, and national origin; Title IX refers to sex; and Section 1981 refers to race, color, or citizenship. None of these pertain to disability, actual or perceived; thus the instruction is improper. Ms. Jones alleges a myriad of complaints based on race, sex, and disability. USC thus proposes that the jury instructions be segregated as originally prepared, subject to USC's objections. To avoid jury confusion, USC requests that the instructions be segregated per cause of action (*i.e.* race and color).

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Plaintiff's Response:**

Plaintiff has combined the three protected characteristics. It is confusing and duplicative to have an identical instruction set forth three times for each characteristic. Doing so also ignores the fact that the jury may find a combination of one of more protected characteristics meets the standard.

Although unnecessary, Plaintiff inserted some examples of protected activity and of adverse actions. Combining the statutes makes sense where elements of proof are the same.

## Hostile Environment Harassment
## (combined for all federal statutes)

Ms. Jones seeks damages against USC under federal law for a hostile environment while enrolled at USC. In order to establish a hostile environment, Ms. Jones must prove each of the following elements by a preponderance of the evidence:

1. Ms. Jones was subjected to slurs, insults, jokes or other verbal comments, or other verbal or physical conduct because she was disabled, or perceived as disabled, or because of her race or because she was a woman (or any combination of these);

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of Ms. Jones's experience at USC and create an abusive or hostile environment;

4. Ms. Jones perceived the environment to be abusive or hostile; and

5. a reasonable woman in Ms. Jones's circumstances would consider the environment to be abusive or hostile.

Whether the environment constituted a hostile environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with a student's performance or student experience.

Source: Ninth Circuit Manual, Civil Jury Instructions, 10.2, adapted from employment setting.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Objections and Statement:**

USC received this new instruction on August 29, 2016. This instruction improperly combines the retaliation instruction for the Hostile Environment Harassment (Title IX, 20 U.S.C. §1681, Hostile Environment 42 U.S.C. §1981, Title VI, and Rehabilitation Act, 29 USC Section 504, into one instruction.  Further, Plaintiff's complaint does not have a cause of Action for Retaliation based on Title VI (though it purports to include this now as its "Claim 5" in the Proposed Pre-Trial Conference Order) or The Rehabilitation Act, 29 USC Section 504 (though it purports to include this now as "Claim 8" in the Proposed Pre-Trial Conference Order). These new claims must be excluded.

Title IX refers to sex; and 42 U.S.C. §1981 refers to race, color, or citizenship. None of these pertain to disability, actual or perceived; thus the instruction is improper. Ms. Jones alleges a myriad of complaints based on race, sex, and disability. USC thus proposes that the jury instructions be segregated as originally prepared, subject to USC's objections. To avoid jury confusion, USC requests that the instructions be segregated per cause of action (*i.e.* race and sex).

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**Plaintiff's Response:**

Plaintiff has combined the three protected characteristics. It is confusing and duplicative to have an identical instruction set forth three times for each characteristic. Doing so also ignores the fact that the jury may find a combination of one of more protected characteristics meets the standard.

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

**INDEX**

| No. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 1 | Hostile Environment Harassment - California Gov. Code —Essential Factual Elements (Gov. § 11135) | CACI 2521A, Gov. Code § 11135. | 1 |
| 2 | Jones's Proposed Jury Instruction 2: "Severe or Pervasive" Explained | Source: CACI 2524, Gov. Code § 11135. | 5 |
| 3 | Jones's Proposed Jury Instruction 3: Hostile Environment Harassment (combined for all federal statutes) | Ninth Circuit Manual, Civil Jury Instructions, 10.2. | 8 |
| 4 | Jones's Proposed Jury Instruction 4: Disability Retaliation (Violation of | Ninth Circuit Manual, Civil Jury Instructions, 12.9. | 11 |

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS

| | | | |
|---|---|---|---|
| | Rehabilitation Act, 29 USC § 504) | | |
| 5 | Jones's Proposed Jury Instruction 5: Retaliation in Violation of Other Federal Statutes (Title VI of the Civil Rights Act of 1964, Title IX, Section 1981 – all combined in one instruction) | Ninth Circuit Manual, Civil Jury Instructions, 10.3, adapted, and CACI 2505 (Amended 2016) for second paragraph. | 15 |

PLAINTIFF TIFFANY JONES'S AMENDED DISPUTED JURY INSTRUCTIONS