CARLSON & JAYAKUMAR LLP
Keith W. Carlson, State Bar No. 193437
Jehan N. Jayakumar, State Bar No. 224148
Erika A. Iler, State Bar No. 233608
2424 S. E. Bristol, Suite 300
Newport Beach, California 92660
Telephone: (949) 222-2008
Facsimile: (949) 222-2012
E-Mail: keith@cjattorneys.com
jehan@cjattorneys.com
erika@cjattorneys.com

Attorneys for Defendant UNIVERSITY OF SOUTHERN CALIFORNIA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TIFFANY JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, an entity, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:15-cv-06580-PSG-AFM<br>Assigned to Judge Philip S. Gutierrez<br><br>**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S PROPOSED AND DISPUTED JURY INSTRUCTIONS**<br><br>Complaint Filed: July 22, 2015<br>Removal Date: August 27, 2015 |

**TO THE HONORABLE COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

Defendant University of Southern California ("USC") hereby submits the following proposed jury instructions disputed by Plaintiff.

Dated: September 5, 2016      CARLSON & JAYAKUMAR LLP

By: *s/ Keith W. Carlson*
    Keith W. Carlson
    Jehan N. Jayakumar
Attorneys for Defendant UNIVERSITY OF SOUTHERN CALIFORNIA

**USC's Proposed Jury Instruction No. 1:**
**5.5 Unclean Hands**

The equitable defense of unclean hands allows USC to escape liability when Jones acted unconscionably, in bad faith, or inequitably. The misconduct by Jones must "pertain to the very subject matter involved and affect the equitable relations" between Jones and USC.

In order to prove unclean hands, USC must prove the following three things by clear and convincing evidence:

1. Jones' conduct was inequitable or in bad faith; and

2. Jones' conduct is directly related to the subject matter of her claims.

3. USC has clean hands, or in other words, USC's conduct was in good faith.

If you find that USC has proven that Jones has come into court with "unclean hands," and that its "unclean hands" are related to the case at hand, you may deny Jones any relief on her claims.

Source: Special Jury Instruction, Adapted from Federal Circuit Bar Association Model Patent Jury Instructions (2007 edition); *Salas v. Sierra Chem. Co.,* 59 Cal. 4th 407, 432 (2014); *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997) (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987)); *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1571 (Fed. Cir. 1997); *Samsung Elec. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 512, 515 (E.D. Va. 2006); *Honeywell Int'l, Inc. v. Univ. Avionics Sys. Corp.*, 398 F. Supp.2d 305, 310-311 (D. Del. 2005); *Alcatel USA, Inc. v. DGI Tech., Inc.*, 166 F.3d 773, 794-797, (5th Cir. 1999).

**PLAINTIFF'S POSITION: OBJECTION. Not a matter for a jury.**

**USC's Proposed Jury Instruction No. 2:**
**5.3 Damages – Failure to Mitigate**

Ms. Jones had a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. USC has the burden of proving by a preponderance of the evidence:

(1) that Jones failed to use reasonable efforts to mitigate damages; and

(2) the amount by which damages would have been mitigated.

Source: Ninth Circuit Model Civil Jury Instructions, Damages – Mitigation.

**Plaintiff's Position:** Objection. Mitigation is not an affirmative defense to student claims.

**USC'S POINTS AND AUTHORITIES REPLY:**

  This jury instruction came directly from the Ninth Circuit Model Civil Jury Instructions and there is no limitation for student claims.  *See* Ninth Circuit Model Civil Jury Instructions, Damages – Mitigation.

**USC's Proposed Jury Instruction No. 3:**

**Consent/Ratification**

USC is not responsible for Jones' harm, if any, if USC proves that Jones consented to the alleged harassment by failing to do anything in response to the alleged harassment, including failing to complain, notify, or oppose the alleged actions.  In deciding whether Jones consented to USC's actions, the jury should consider the circumstances surrounding the words or conduct.

Source: CACI 1721.

**Plaintiff's Position:** Objection. Incorrect statement of the law.

**USC'S POINTS AND AUTHORITIES REPLY:**

This jury instruction came directly from the CACI jury instructions.  *See* CACI 1721.

**USC's Proposed Jury Instruction No. 4:**

**Legitimate, Non-Retaliatory Reason**

Ms. Jones claims that USC engaged in adverse actions against her. However, if USC had legitimate, non-retaliatory reasons for its actions, then no retaliation may be found unless Ms. Jones can show that the proffered reasons by USC are merely pretextual for another reason that is retaliatory.

A legitimate, non-retaliatory reason is a final decision maker's wholly independent, legitimate decision to engage in an action that the plaintiff claims was adverse when, as a matter of causation, the action or decision was not shown to be influenced by any lower employee or person's retaliatory motives.

Source: Special Jury Instruction, commentary from Ninth Circuit Manual of Model Civil Jury Instructions, *Lakeside-Scott v. Multnomah County,* 556 F.3d 797, 799 (9th Cir. 2009).

**Plaintiff's Position:** Objection. Defendant did not plead this affirmative defense in its Answer, nor did it ever amend its Answer to include this defense. Defendant first served this proposed instruction on 09/05/16. Therefore, Defendant is not entitled to this instruction.

**USC'S POINTS AND AUTHORITIES REPLY:** USC served this additional jury instruction on August 31, 2016. This is not a pled affirmative defense but necessary for the proof for a retaliation cause of action. It is well-settled that once a plaintiff has made the threshold prima facie showing, the defendant must articulate a legitimate, non-retaliatory reason for the challenged action. *See Emeldi v. University of Oregon*, 698 F.3d 715, 724-728 (9th Cir. 2012). If the defendant does so, the plaintiff must then "show that the reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (internal quotation marks and citation omitted).

## USC's Proposed Jury Instruction No. 5:

**Pretext**

Ms. Jones claims that USC engaged in adverse actions against her. However, if USC had legitimate, non-retaliatory reasons for its actions, then no retaliation may be found unless Ms. Jones can show that the proffered reasons by USC are merely pretextual for another reason which is discriminatory.

A pretextual reason or pretext is found in a retaliation claim if Ms. Jones presents evidence of another reason for USC's actions with respect to her that show that USC's true motive was discrimination based on her race, sex, or disability.

Source: Special Jury Instruction, commentary from Ninth Circuit Manual of Model Civil Jury Instructions, *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).

**Plaintiff's Position:** Objection. Defendant did not plead this affirmative defense in its Answer, nor did it ever amend its Answer to include this defense. Defendant first served this proposed instruction on 09/05/16. Therefore, Defendant is not entitled to this instruction.

**USC'S POINTS AND AUTHORITIES REPLY:** USC served this additional jury instruction on August 31, 2016. Pretext is not an affirmative defense; a jury instruction on pretext is necessary for the proof for a retaliation cause of action. It is well-settled that once a plaintiff has made the threshold prima facie showing, the defendant must articulate a legitimate, non-retaliatory reason for the challenged action. *See Emeldi v. University of Oregon*, 698 F.3d 715, 724-728 (9th Cir. 2012). If the defendant does so, the plaintiff must then "show that the reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (internal quotation marks and citation omitted).

**INDEX**

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 1 | Unclean Hands | 9TH Cir. 5.5 | 2 |
| 2 | Damages -Failure to Mitigate | 9th Cir. 5.3 | 4 |
| 3 | Consent /Ratification | CACI 1721 | 6 |
| 4 | Legitimate, Non-Retaliatory | 9th Cir., *Lakeside – Scott v. Multnomah County*, 556 F.3d 797, 799 (9th Cir. 2009) | 10 |
| 5 | Pretext | 9th Cir. Commentary, *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987) | 13 |

USC'S PROPOSED AND DISPUTED JURY INSTRUCTIONS

USC'S PROPOSED AND DISPUTED JURY INSTRUCTIONS